# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

CHRISTIAN MICHAEL FISHER,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

    Defendants.

Case No. C19-5178-BHS-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a proposed civil rights complaint.[1] Plaintiff has been granted leave to proceed *in forma pauperis*. In light of the deficiencies in the complaint discussed herein, however, the undersigned will not direct service of the complaint at this time. Plaintiff, though, will be provided the opportunity by the date set forth below to show cause why the complaint should not be dismissed or to file an amended complaint.

## BACKGROUND

Plaintiff, who is currently incarcerated at King County Jail, brings this civil rights action arising from events allegedly occurring between July 2016 and August 2018, when he was incarcerated at the Washington State Penitentiary (WSP). Dkt. 1-1, at 3. Plaintiff alleges that, at some point during this period, he was placed in the medical unit called E-Tier at WSP. *Id.* Plaintiff states he was told to take a pill and when he refused he was handcuffed and "shot up" with "what looked like someone else's blood." *Id.* He states that this was done "without an

---

[1] Dkt. 1-1.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

Involuntary Medication Order from a judge." *Id.* Plaintiff states that thereafter he started to feel weak and experience a stuffy nose and that he found out he had Hepatitis C a month later. *Id.* Plaintiff alleges he had been healthy prior to his incarceration at WSP and that the injection caused him to contract Hepatitis C. *Id.*

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). In addition, the complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

### A. Improper Defendant

Plaintiff names the Washington State Department of Corrections ("DOC") as a defendant. Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989); *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Additionally, there is no evidence the state of Washington has waived its Eleventh Amendment immunity in federal courts. Because the DOC is a state agency which cannot be sued under §1983, it is not a proper defendant and should not be named in this lawsuit.

### B. Personal Participation, Rule 8

Plaintiff has also failed to allege the actions of any other individuals violated his constitutional rights. To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how one or more individual defendants each caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation

of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff has not identified any individual(s) who allegedly committed an affirmative act, participated in another's affirmative act, or failed to perform an act which is legally required, and caused a violation of civil rights that form the basis of his claims. Plaintiff states that sometime between July 2016 and August 2018, while housed in the medical unit at WSP, he refused to take a pill and was subsequently handcuffed and given a shot of "what looked like someone else's blood." Dkt. 1-1, at p.3. In order to state a claim, plaintiff must allege facts sufficient to show how a specific defendant or defendants caused or personally participated in causing plaintiff's alleged harm.

Therefore, if plaintiff intends to pursue this lawsuit, he should file an amended complaint with short, plain statements telling the Court: (1) the constitutional right he believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of his constitutional rights; and (5) what specific injury he suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). Plaintiff must repeat the process described above for each person he names as a defendant. If he fails to affirmatively link the conduct of each named defendant with the specific injury suffered by him, the claim against that defendant will be dismissed for failure to state a claim. Plaintiff should also provide specific dates or a time

from of when he is alleging these events transpired in order to provide the defendants fair notice of what the claim is and the grounds upon which it rests.

If plaintiff names a supervisory official, he must allege facts describing how that official personally participated in the constitutional deprivation (and tell the Court the five things listed above), or allege facts describing how that official was aware of the similar widespread abuses, but with deliberate indifference to his constitutional rights, failed to take action to prevent further harm to him. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

### C. Exhaustion

Plaintiff indicates in his complaint that he has filed a grievance concerning the facts related to this complaint but that the grievance process is not complete. Dkt. 1-1.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative remedies *before* bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Id*. Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id.* at 1120.

Accordingly, in his amended complaint, the plaintiff should provide the Court with additional information regarding his attempts to complete the grievance process so that the Court may determine whether plaintiff's claims have been brought prematurely.

### D. Due Process – Involuntary Medication

To the extent plaintiff is alleging the administration of involuntary medication violated his due process rights, the Supreme Court has recognized inmates possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper,* 494 U.S. 210, 221-222 (1990). Substantive due process is satisfied and a state may treat an inmate who has a serious mental illness with involuntary psychotropic medication if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest. *Id.* at 227. In the context of involuntary medication, procedural due process is satisfied if the inmate is provided with notice, the right to be present at an adversarial hearing, and the right to present and cross-examine witnesses. *Id.* at 235. Appointment of counsel is not required because a lay advisor who understands the psychiatric issues involved sufficiently protects an inmate's due process rights. *Id.* at 236.

If plaintiff wishes to proceed with this claim, in his amended complaint plaintiff should allege additional facts demonstrating he was not dangerous to himself or others and that treatment was not in his best interest. In addition, plaintiff should allege facts, if any, showing how procedural due process was not satisfied.

**E.     Eighth Amendment**

To the extent plaintiff is alleging the injection he was given violated his rights under the Eighth Amendment, he must allege facts sufficient to indicate a culpable state of mind on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 297–99 (1991). Neither a difference of opinion about the proper course of treatment nor a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amounts to deliberate indifference. *See, e.g., Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Simmons v. Navajo County,* 609 F.3d 1011, 1017 (9th Cir. 2010); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187-88 (9th Cir. 2002); *Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001) (per curiam); *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Here, plaintiff alleges the injection he was given caused him to contract Hepatitis C. However, it is unclear whether plaintiff is alleging this was done intentionally, negligently or something else. Furthermore, if plaintiff files an amended complaint, he should include additional facts and details regarding the basis for his belief that the injection in question caused him to contract Hepatitis C.

### F. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before May 17, 2019**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to

adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 18th day of April, 2019.

Theresa L. Fricke
United States Magistrate Judge