UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN MICHAEL FISHER,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS,<br><br>　　　　　　　Defendants. | Case No. C19-5178 BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **June 28, 2019** |

This matter is before the Court on plaintiff's filing of an amended complaint pursuant to the Court's order that he file one. Dkt. 6. Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.19-5178C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons discussed below and in the Order to Show Cause or Amend the Complaint (Dkt. 6), the complaint fails to state a claim upon which relief can be granted. Plaintiff has been provided an opportunity to comply with the pleading requirements and has not done so. Accordingly, the Court should dismiss the complaint without prejudice.

DISCUSSION

**A. Improper Defendant**

Plaintiff names the Washington State Department of Corrections ("DOC") as the only defendant. Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a § 1983 civil

REPORT AND RECOMMENDATION - 1

1  rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989); *Howlett v.*

2  *Rose*, 496 U.S. 356, 365 (1990). Additionally, there is no evidence the state of Washington has

3  waived its Eleventh Amendment immunity in federal courts. Because the DOC is a state agency

4  which cannot be sued under §1983, it is not a proper defendant and should not be named in this

5  lawsuit. Plaintiff's claim against DOC should therefore be dismissed on this basis.

6      **B.  Exhaustion**

7      The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative

8  remedies before bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117,

9  1119 (9th Cir. 2009). To effectively exhaust his administrative remedies, an inmate must use all

10 the formal steps of the prison grievance process. *Id*. Because the purpose of exhaustion is to give

11 prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims

12 through grievances containing enough factual specificity to notify officials of the alleged harm.

13 *Id*. at 1120.

14     Plaintiff does not indicate in his amended complaint whether he has completed the prison

15 grievance process for his claims. Accordingly, the Court cannot determine whether plaintiff's

16 claims have not been brought prematurely and should not serve the complaint on this basis.

17     **C.  Failure to State a Claim**

18     Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain

19 statement of the claim showing that the [plaintiff] is entitled to relief." Plaintiff must allege a

20 plausible set of facts that would show he is entitled to any relief. However, plaintiff has also

21 failed to allege the actions of any other individuals violated his constitutional rights.

22     The Court must dismiss the complaint of a prisoner proceeding in forma pauperis "at any

23 time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a

24

25

REPORT AND RECOMMENDATION - 2

1 claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is
2 immune from such relief." 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b). Before the Court may
3 dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner]
4 with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint
5 prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).

*Personal Participation by Defendant*

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how one or more individual defendants each caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Further, a § 1983 suit cannot be based on vicarious liability alone. Rather, it must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff has not identified any individuals who allegedly committed an affirmative act, participated in another's affirmative act, or failed to perform an act which is legally required, and caused a violation of civil rights that form the basis of his claims. Plaintiff's amended complaint states only that sometime between July 2016 and August 2018, while housed in the medical unit at WSP, he refused to take a pill and was subsequently handcuffed and given a shot of "what looked like someone else's blood." Dkt. 6, at 3. Without any identification of the individuals involved or specific time frame given, plaintiff has failed to allege facts sufficient to show how a

REPORT AND RECOMMENDATION - 3

specific defendant or defendants caused or personally participated in causing plaintiff's alleged harm.

*Due Process – Involuntary Medication*

To the extent plaintiff is alleging the administration of involuntary medication violated his due process rights, the Supreme Court has recognized inmates possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221-222 (1990). Substantive due process is satisfied and a state may treat an inmate who has a serious mental illness with involuntary psychotropic medication if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest. *Id*. at 227. In the context of involuntary medication, procedural due process is satisfied if the inmate is provided with notice, the right to be present at an adversarial hearing, and the right to present and cross-examine witnesses. *Id*. at 235. Appointment of counsel is not required because a lay advisor who understands the psychiatric issues involved sufficiently protects an inmate's due process rights. *Id*. at 236.

In his amended complaint, however, plaintiff has not alleged any facts demonstrating that was not dangerous to himself or others and that treatment was not in his best interest. Plaintiff has not alleged any facts indicating that procedural due process was not satisfied through his treatment. Therefore, plaintiff's complaint has not invoked a protected right under § 1983, and his complaint should be dismissed.

*Eighth Amendment*

To the extent plaintiff alleges that the injection he was given violated his rights under the Eighth Amendment, he must also allege facts sufficient to indicate a culpable state of mind on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 297–99 (1991). Neither a difference of

opinion about the proper course of treatment nor a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amounts to deliberate indifference. *See, e.g.*, *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer v. Brennan*, 511 U.S. 535, 837.

Here, plaintiff alleges the injection he was given caused him to contract Hepatitis C. Plaintiff does not allege whether this was done with any culpable statement of mind, whether intentionally or negligently. Plaintiff's complaint also lacks the necessary facts to support the basis for his belief that the injection in question caused him to contract Hepatitis C.

Plaintiff's amended complaint fails to allege who purportedly violated his rights and lacks enough facts to determine what rights, if any, were violated. Accordingly, plaintiff has not stated a claim under § 1983, and plaintiff's complaint should be dismissed.

## CONCLUSION

Plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint, but the amended complaint remains fatally deficient without any indication the deficiencies discussed above can be cured. Accordingly, dismissal of this action is for failure to state a claim under 42 U.S.C. § 1983 is proper.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for

REPORT AND RECOMMENDATION - 5

purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **June 28, 2019**, as noted in the caption.

Dated this 14th day of June, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6